IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3316-K-BN |
| | § | |
| COUNTY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. Plaintiff Scott Damon Richardson has filed a motion requesting entry of default judgment and that the "clerk ... enter default" against Defendant Allan Schieck. *See* Dkt. No. 10. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny that motion.

**Legal Standards and Analysis**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D.

Tex. Jan. 27, 2011).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

To the extent that Richardson is moving for default judgment in addition to requesting entry of default, he is not entitled to judgment by default. No defendant is in default for failing to respond to his complaint, as the Court is still screening this *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B). As such, the complaint has not been ordered served on any defendant.

**Recommendation**

The Motion for Default Judgment [Dkt. No. 10] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE