IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3316-K-BN |
| | § | |
| COUNTY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Scott Damon Richardson filed this *pro se* action against Dallas County, a Town of Addison Police Officer (Officer Schieck), and several Doe defendants. *See* Dkt. No. 3. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The Court granted Richardson leave to proceed *in forma pauperis*. *See* Dkt. No. 6. And Richardson filed verified responses to the Court's screening questionnaire. *See* Dkt. No. 8.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court dismiss this action with prejudice.

**Applicable Background**

Richardson contends, based on the facts alleged in his "verified complaint for money damages, civil rights violations, and fraud," that on May 2, 2015, "absent a 4th Amendment warrant," Officer Schieck stopped him for speeding, leading to his arrest

for failure to present identification. Dkt. No. 3 at 1, 4. Richardson was transported to jail and "bonded out ... 24 hours later." *Id.* at 5. Through the screening questionnaire, Richardson was directed to "state each specific fact associated with the May 2015 traffic stop that supports [his] claim(s) that [his] constitutional rights were violated," and he responded that the stop was made "absent a 4th Amendment warrant"; that the state procedure by which he was brought before a magistrate was "a 1st Amendment violation"; and – presenting conclusions but no facts – that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated. Dkt. No. 8 at 10; *see also id.* at 11 (asked to "provide further information concerning his assertion" that he was "'jailed without seeking a magistrate,'" Richardson cites Article 15.17 of the Texas Code of Criminal Procedure).

## Legal Standards

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *cf. Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*), and the Federal Rules

of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

In conducting the failure-to-state-a-claim analysis, "it is clearly proper ... to take judicial notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008), such as adjudicative facts apparent from "state court criminal records," *Land v. Stone*, No 3:10-cv-981-B-BK, 2010 WL 5538413, at *4 (N.D. Tex. Dec. 14, 2010) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *see also* FED. R. EVID. 201.

Although a court generally cannot look beyond the pleadings to determine whether claims should be dismissed, the pleadings here include the verified responses to the Court's screening questionnaire [Dkt. No. 8], which are now "part of [Richardson's] pleadings," *Talib*, 138 F.3d at 213. Through the use of questionnaires – approved "to aid in the determination of whether an IFP complaint is frivolous" – a court is able to "'focus[] precisely on [the] factual allegations, puncturing the conclusion balloon in which they may at first be lodged.'" *Id.* (quoting *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985)).

And verified responses to questionnaires promote efficient screening of claims by allowing a plaintiff leave to amend his allegations to plead his best case. As to pleading a plaintiff's best case, the United States Court of Appeals for the Fifth Circuit recently observed that "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded her 'best case.' A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint[ – such

-4-

as the facts, as alleged, are conclusory. And a] plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, ___ F. App'x ____, No. 17-30033, 2017 WL 4479425, at *2 (5th Cir. Oct. 6, 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted); *cf. Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Richardson's complaint begins with a false premise: that a warrant is required to initiate a traffic stop.

"'Traffic stops are deemed seizures for the purposes of the Fourth Amendment.'" *United States v. Henry*, 853 F.3d 754, 757 (5th Cir. 2017) (quoting *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005)). And the legality of a stop "is analyzed under the framework articulated in *Terry v. Ohio*, 392 U.S. 1 (1968)." *Lopez-Moreno*, 420 F.3d at 430 (citations omitted); *see United States v. Crosby*, 32 F. App'x 129, 2002 WL 335008, at *1 (5th Cir. Feb. 21, 2002) ("Traffic stops are analyzed under the investigative detention standard set forth in *Terry v. Ohio*...."). As such, "[a] stop must be justified by reasonable suspicion at its inception and be reasonably related in scope and duration to the circumstances justifying the stop." *Carney v. Brandon Police*

*Dep't*, 624 F. App'x 199, 201 (5th Cir. 2015) (citing *Terry*, 392 U.S. at 19-20).

"Reasonable suspicion exists if there are 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant a detention.'" *Allen v. Cisneros*, 815 F.3d 239, 245 (5th Cir. 2016) (quoting *Terry*, 392 U.S. at 21; brackets omitted). "This standard 'requires more than merely an unparticularized hunch, but considerably less than proof of wrongdoing by a preponderance of the evidence.'" *Davila v. United States*, 713 F.3d 248, 258 (5th Cir. 2013) (quoting *United States v. Rodriguez*, 564 F.3d 735, 741 (5th Cir. 2009)). A court assesses "the reasonableness of the stop 'by conducting a fact-intensive, totality-of-the-circumstances inquiry,' and considering the 'information available to the officer[s] at the time of the decision to stop a person.'" *Id.* (quoting *United States v. Silva*, 957 F.2d 157, 160 (5th Cir. 1992)).

A stop therefore does not violate the Fourth Amendment if, under "the facts available to the officer at the time of detention," there is "'some minimum level of objective justification for the officers' actions – but more than a hunch – measured in light of the totality of the circumstances.'" *Allen*, 815 F.3d at 245 (quoting *United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994); citing *Davila*, 713 F.3d at 258).

Richardson alleges no facts from which this Court may infer that the May 2, 2015 traffic stop by Officer Shieck was not based on reasonable suspicion. Richardson even alleges that he was "stopped for speeding." Dkt. No. 3 at 4. And this allegation is consistent with information Officer Schieck provided for an affidavit in support of an arrest warrant – reflecting that Richardson was driving ten miles over the posted

-6-

speed limit – information that can be judicially noticed without making a legal determination that, based on the affidavit, reasonable suspicion for the stop (or probable cause for the arrest warrant) existed. *See State v. Richardson*, No. M1510199 (Crim. Ct. No. 8, Dallas Cty., Tex. May 3, 2015).

Records available from that action also indicate that Richardson initially appeared before a Dallas County magistrate on May 3, 2015, at which appearance he "was informed as provided in Art. 15.17 CCP." *Id.* A separate "Arraignment Sheet" dated May 3, 2015 also sets out that Richardson was informed of his rights, including the right to an examining trial. *See id.* This record compared against Richardson's meager allegations concerning his "magistration" following his arrest reflect that Richardson has not carried his "burden ... to frame '[this allegation] with enough factual matter (taken as true) to suggest' that he ... is entitled to relief.'" *Robbins v. State of Oklahoma ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The remainder of his alleged constitutional violations are without factual support and therefore, in no way, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As to Dallas County, it is clearly established that "[a] municipality" – like the County – "and/or its policymakers may be held liable under § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436

U.S. 658, 694 (1978); citation omitted). To assert liability under *Monell*, Richardson must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see also id.* ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" (quoting *Piotrowski*, 237 F.3d at 578)). Because Richardson fails to allege that his rights were violated under an official policy of the County, he has not alleged a plausible claim against it.

Finally, although the Dallas County-level prosecution of Richardson related to this traffic stop and arrest was dismissed on February 3, 2016, *see* Dkt. No. 8 at 8; *Richardson*, No. M1510199, Richardson alleges that the Town of Addison prosecuted him for the same offense and that he was found guilty on June 30, 2016, *see* Dkt. No. 8 at 8. As Richardson admits that this conviction has not been reversed, expunged, invalidated, or otherwise called into question, *see id.* at 6-7, to the extent that Richardson's Fourth Amendment challenge to the traffic stop implies that this conviction is invalid, it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)); *see also Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) ("[A] Fourth Amendment claim

can necessarily imply the invalidity of a conviction, and [ ] if it does it must, under *Heck*, be dismissed."); *see, e.g., Lister v. Perdue*, No. 3:14-cv-715-D, 2015 WL 864834, at *1 (N.D. Tex. Feb. 27, 2015) ("Lister seeks damages from these defendants on the grounds that they violated his Fourth Amendment rights in perpetrating an unlawful traffic stop, unlawful search, unlawful seizure, and unlawful arrest. As a result of these events, and of a later federal prosecution, Lister was convicted of the offense of felon in possession of a firearm .... Lister's Fourth Amendment challenges to the events leading to his prosecution and conviction directly implicate the legality of his conviction and sentence. They are therefore barred by *Heck* until such time as he can show that at least one of the *Heck* prerequisites has been met.").

For these reasons – and because Richardson has been afforded the opportunity to plead his best case through his verified answers to the screening questionnaire, *see Nixon*, 589 F. App'x at 279; *Wiggins*, 2017 WL 4479425, at *2 – this action should be dismissed with prejudice. Further, to the extent that Richardson contends that the screening questionnaire did not identify all the deficiencies in his original complaint, these findings, conclusions, and recommendation do, so the period for filing objections to them affords Richardson a second opportunity to amend. And, if he fails to correct the identified deficiencies, this action should be dismissed with prejudice.

**Recommendation**

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE